Robert McConnell, Esq.
Jack McConnell Jr., Esq.
Donald Migliori, Esq.
Ron Motley, Esq.
Mary Schiavo. Esq.
Jodi Flowers, Esq.
Robert Haefele, Esq.
Elizabeth Smith, Esq.
Motley Rice LLC
321 South Main St.
P.O. Box 6067
Providence, RI 01940
(401) 457-7700

Attorneys for Plaintiff

FILED
IN CLERKS OFFICE
2005 FEB 24 A 11:44
U.S. DISTRICT COURT
DISTRICT OF MASS.

MAGISTRATE JUDGE Neu Mag

05 10364 PBS

RECEIPT # 62322
AMOUNT $ 250
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE 2/24/05

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>Plaintiff,<br><br>vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Credit Corporation, a Kansas Corporation, Colgan Air Inc., a Delaware Corporation d/b/a US Air Express,<br><br>Defendants. | Case No.:<br><br>COMPLAINT<br>Wrongful Death, Negligence, Breach of Express and Implied Warranty, Gross Negligence<br><br>Jury Demand |

The Plaintiff, Lisa A. Weiler, individually and as the Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all beneficiaries and next of kin, by and through her attorneys, Motley Rice LLC, for cause of action in this complaint alleges on information and belief:

## PARTIES

1. The Plaintiff, Lisa A. Weiler, at all times relevant herein resides in the state of Ohio, and has been appointed by the Probate Court of Hamilton County, Ohio as Administratrix of the Estate of Scott A. Knabe who died in the crash of US Airways Express flight 9446, on August 26, 2003.

2. Plaintiff also brings this action on behalf of all beneficiaries including herself and other next of kin.

3. Defendant, Raytheon Company, is a Delaware corporation with its principal place of business in Waltham, Massachusetts.

4. Defendant, Raytheon Aircraft Company (Raytheon) is a subsidiary of the Raytheon Company, and is a Kansas corporation with its principal place of business in Wichita, Kansas.

5. Defendant, Raytheon Aircraft Credit Corporation (Raytheon) is a subsidiary of the Raytheon Company, and is a Kansas corporation with its principal place of business in Wichita, Kansas.

6. Raytheon Company, Raytheon Aircraft Company, and Raytheon Credit Corporation are collectively referred to herein as "Raytheon".

7. The Defendant, Colgan Air Inc., is a Delaware Corporation with its principal place of business in Manassas, Virginia and it is engaged in business in several other states, including Massachusetts. Colgan Air operated flights for US Airways as Colgan Air doing business as US Airways Express (Colgan d/b/a US Airways Express).

8. Colgan Air and Colgan Air d/b/a US Airways Express are collectively referred to herein as "Colgan".

9. US Airways Group, Inc. (US Airways) is a Delaware Corporation with its principal place of business in Arlington, Virginia.

10. US Airways, Inc. and US Airways Express are Delaware Corporations and are US Airways Group's operating subsidiaries. All US Airways corporations and subsidiaries are collectively referred to herein as US Airways.

## JURISDICTION AND VENUE

11. The amount in controversy exceeds $75,000 exclusive of interest and costs.

12. This court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

13. A substantial part of the acts and omissions giving rise to the claims set forth in this complaint occurred in this judicial district. All defendants are doing business in this judicial district. Therefore, this court has venue pursuant to 28 U.S.C. §1391(a).

14. The plaintiff claims damages under Massachusetts General Laws Chapter 229 §2 and §6, for the wrongful death and conscious suffering of Scott A. Knabe, for herself, and other next of kin.

15. The plaintiff claims exemplary damages for the gross negligence of an employer as allowed by Massachusetts General Laws Chapter 152 § 28.

16. Plaintiff claims damages pursuant to Massachusetts General Laws Chapter 106 §2-313 through §2-315 and §2-318 for breach of express and implied warranties.

17. Plaintiff claims prejudgment interest pursuant to Massachusetts General Laws Chapter 229 §11 and as otherwise allowed by law.

## GENERAL ALLEGATIONS & FACTUAL BACKGROUND

18. At all times relevant herein, Colgan operated under an agreement with US Airways as a US Airways Express carrier.

19. At all times relevant herein, Colgan also operated as Colgan Air d/b/a US Airways Express.

20. The Defendant, Colgan Air Inc., is a Delaware Corporation with its principal place of business in Manassas, Virginia and it is engaged in business in several other states, including Massachusetts. Colgan Air operated flights for US Airways as Colgan Air doing business as US Airways Express (Colgan d/b/a US Airways Express).

21. Colgan Air and Colgan Air d/b/a US Airways Express are collectively referred to herein as "Colgan".

22. The type of agreement Colgan entered into with US Airways is generally described as a code-share.

23. A code-share is a contractual arrangement between two carriers in which one carrier operates flights for another carrier.

24. Under a code-share agreement, a smaller regional carrier often utilizes the brand, names, insignia, uniforms, reservations, scheduling, paint schemes and other indicia of the major carrier.

25. The US Airways Express code share arrangements are either in the form of a capacity purchase or a "prorate" agreement. The carriers with a prorate agreement are non-owned turboprop operators and include all or a portion of the turboprop operations of Colgan.

26. The prorate agreements provide for affiliate carriers to pay certain service fees to US Airways as well as a prorated share of revenue for connecting customers. US Airways is

responsible for pricing and marketing of connecting services to and from the prorate carrier. The prorate carrier is responsible for pricing and marketing the local, point to point markets.

27. US Airways Express carriers, including Colgan, use US Airways' reservation systems, and have logos, service marks, aircraft paint schemes and uniforms of US Airways.

28. On August 26, 2003, Scott A. Knabe was killed while serving as the Captain of US Airways flight 9446. Steven Dean, the First Officer, was also killed. The plane was a Beech 1900D, registration number N240CJ, ("the aircraft") operated by Colgan Air d/b/a US Airways Express. The plane was painted and the crew uniformed as US Airways.

29. The aircraft crashed into the water off the coast of Yarmouth, Massachusetts shortly after takeoff from Barnstable Municipal Airport.

30. The aircraft was manufactured by the Raytheon Aircraft Company, and owned by Raytheon Credit Corporation which leased it to Colgan on a seven (7) year lease beginning in January of 2003.

31. The aircraft had performed 1219.1 flight hours while operated by Colgan d/b/a US Airways Express, before crashing.

32. At the time of the crash the aircraft was owned by and registered to Raytheon Credit.

33. Raytheon Aircraft Corporation designed and manufactured the Beech 1900D. The model was first certificated in 1990. The aircraft at issue herein was manufactured in 1993.

34. The aircraft was in service with another operator (or operators) before it was returned to Raytheon's possession and subsequently leased for operation by Colgan.

35. Colgan experienced problems, including problems with the trim, on the aircraft at issue herein after receiving the aircraft from Raytheon and before August 26, 2003.

36. Raytheon provided advice and guidance on the repair of this aircraft.

37. In addition to designing and manufacturing this aircraft, Raytheon wrote and provided the manufacturer's Airliner Maintenance Manual (AMM) for this aircraft.

38. On August 23-26, 2003, the accident airplane was in Hyannis, Massachusetts for maintenance, inspection and/or repair.

39. The mechanics consulted the AMM in making repairs and performing maintenance on this aircraft.

40. The mechanics consulted Raytheon on or about August 24 or 25, 2003, about the repair of this aircraft.

41. Immediately prior to the fatal flight, maintenance had been performed on the airplane which included work on the forward elevator pitch trim tab cable, elevator trim activator and trim drum.

42. The AMM was erroneous, defective, misleading and omitted information, to wit:

a) The trim drum was depicted backward.

b) Relying on the erroneous drawings, a mechanic could, and did, mis-route the cable around the drum.

c) Relying on the erroneous drawings, the trim system could be, and was, reversed.

d) The depiction in the AMM showed the nose-up trim tab cable emanating from the aft end of the drum, rather than the forward end.

e) The depiction in the AMM showed the nose-down cable emanating from the forward end of the drum, rather than the aft.

f) There was no procedure for an operational check in the elevator trim tab cable-maintenance practices chapter, Chapter 27-30-04.

g) There was no referral in Chapter 27-30-04 to Chapter 27-30-09, "Elevator Trim-Maintenance Practices... Elevator Trim Operational Check," which did contain a procedure for an operational check of the elevator trim system.

43. Scott A. Knabe serving as the Captain, commonly referred to as the pilot or pilot in command, and Steven Dean as the First Officer, commonly referred to as co-pilot, were assigned to fly US Airways flight 9446 on August 26, 2003, after maintenance.

44. Shortly after takeoff the flight crew reported a problem with the trim.

45. The flight crew selected a nose up trim, but instead the aircraft elevator traveled the full nose-down position, and crashed into the water killing Scott A. Knabe and Steven Dean.

46. As a result of the foregoing which is a direct and proximate result of the conduct of defendants herein, and each of them, Scott A. Knabe was forced to endure severe mental anguish, fear of impending death, conscious pain and suffering, and ultimately he suffered severe physical injuries which caused his death.

47. As a direct and proximate result of the acts and omissions of each defendant herein, there was a measurable and significant period of time from the first trauma causing injury to decedent and before the decedent's death such that decedent consciously suffered injuries and damages for a measurable period of time before decedent's death.

48. As a direct and proximate result of the acts and omissions of each defendant, decedent's personal property was damaged, destroyed and tortuously interfered with, all to the damage of decedent and/or his estate.

49. As a direct result and proximate result of the act and omissions of each defendant, Scott A. Knabe died and his estate, beneficiaries, heirs and survivors, including but not limited to Lisa A. Weiler, and other immediate next of kin, have been and continue to be deprived of decedent's income, services, support, help and assistance, advice and guidance, and other economic losses.

50. As a direct and proximate result of the acts and/or omissions of defendants, and each of them, Scott A. Knabe died and his beneficiaries, heirs and survivors have suffered and continue to suffer non-economic damages including but not limited to loss of consortium, companionship, comfort, care, love, affection, assistance, presence, protection, society, confidence and guidance, as well as suffering, grief, anguish, bereavement, pain and suffering and emotional trauma.

51. As a direct and proximate result of the acts and omissions of defendants, and each of them, Scott A. Knabe died and his estate, beneficiaries, heirs and survivors have incurred funeral, burial, travel, and related expenses.

52. The defendants and each of them owed a duty to plaintiff, and it was reasonably foreseeable that in breaching that duty, serious injury and death could result. The defendants, and each of them breached that duty and those breaches caused serious harm to plaintiff.

**COUNT I**

**(Negligence Claim Against Raytheon)**

53. The Plaintiff incorporates by reference all prior allegations.

54. Raytheon provided Colgan with an aircraft and with an Airliner Maintenance Manual (AMM) prescribing how repairs and maintenance to the Beech 1900D aircraft should be made.

55. The aircraft had a problem with the trim and Raytheon knew or should have known that individuals or entities performing maintenance would rely on the AMM or other Raytheon maintenance advice and illustrations to perform maintenance and repairs on the Beech 1900D aircraft it manufactured.

56. Raytheon had a duty to provide an aircraft that was fully functional, airworthy and without defects, and Raytheon had a duty to provide accurate, reliable information in the AMM

and maintenance advice, enabling Colgan and other owners of its Beech 1900D aircraft or other maintenance personnel to make correct and safe repairs to the aircraft.

57. Raytheon was advised there was a problem with the trim on the aircraft and knew or should have known that the information in the AMM, specifically Raytheon Maintenance Manual Rev 9, 27-30-04 for the Beech 1900D aircraft was defective and incorrect and that if the instructions in the manual were followed, a dangerous and fatal accident could result.

58. Raytheon knew or should have known that the accident aircraft was defective upon, or soon after its delivery to Colgan due to the defective or improperly functioning elevator pitch trim system and Raytheon knew or should have known that such defects could cause a dangerous and fatal accident.

59. Raytheon by and through its agents, servants and employees acting in the course and scope of their employment, breached its duties and were negligent by:

a. Providing a defective, improperly functioning and/or unairworthy aircraft to Colgan for use in its flight operations.

b. Providing a defective AMM with erroneous advice and diagrams.

c. Failing to discover and/or correct the AMM.

d. Failing to discover and/or correct the defects or problems with the aircraft.

e. Failing to warn of the hazards presented to persons at risk from the use of the aircraft.

f. Failing to warn of the hazards presented to persons at risk from the erroneous AMM.

60. Raytheon's negligence was the direct and proximate cause of the crash of flight 9446 and the death of Scott A. Knabe.

61. The Plaintiff seeks an award of compensatory damages under Massachusetts law for all compensatory damages allowed by law including, but not limited to, damages for: 1) loss

of consortium, society, companionship, comfort, guidance, counsel and advice 2) loss of decedent's income; 3) loss of the decedent's services, protection, care and assistance; 4) decedent's conscious pain and suffering before death; 5) decedent's fear and terror before impact, and 6) funeral and burial expenses.

WHEREFORE, the Plaintiff, Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, requests that judgment be entered, in her favor, on behalf of herself, the next of kin and the Estate of Scott A. Knabe and against Raytheon in an amount that a jury determines will fully and fairly compensate herself, the next of kin, and the Estate of Scott A. Knabe for all legally compensable losses.

**COUNT II**

**(Punitive Damages Claim Against Raytheon)**

62. Plaintiff incorporates by reference all prior allegations.

63. Raytheon, acted willfully, wantonly and recklessly, with gross negligence and with a conscious disregard for the safety of Scott A. Knabe and others.

64. As a direct and proximate result of the reckless, wonton and willful conduct by Raytheon, the aircraft crashed on August 26, 2003, resulting in death and other losses and damages.

65. The Plaintiff seeks an award of punitive damages for the wrongful death of Scott A. Knabe pursuant to Massachusetts General Laws Chapter 229 §2 and §6.

WHEREFORE, the Plaintiff, Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, respectfully prays that judgment be entered on behalf of herself, the next of kin, and the Estate of Scott A. Knabe and against Raytheon for punitive damages to make an example of Raytheon and to deter similar wrongful conduct by others in the future.

## COUNT III

**(Breach of Express Warranty, Breach of Implied Warranty of Merchantability, Breach of Implied Warranty of Fitness for a Particular Purpose Against Raytheon)**

66. Plaintiff incorporates by reference all prior allegations.

67. Raytheon by and through its certification process for the aircraft, its sales and leasing documents, and its advertising, expressly warranted that the aircraft and the aircraft maintenance procedures and manuals including but not limited to the AMM would be safe, accurate, fit for ordinary use, and free of defects.

68. Raytheon, by and through the sale of the aircraft in question, impliedly warranted to the public generally, and to Scott A. Knabe, that the accident aircraft and the aircraft procedures and manuals including but not limited to the AMM were fit for their ordinary purpose and of fair quality. Defendant had a duty to provide adequate warnings of the dangers associated with the design of the aircraft and dangers associated with the foreseeable usage and maintenance of the aircraft, of which they knew or should have known.

69. Raytheon, by and through the sale of the aircraft in question, impliedly warranted to the public generally, and to Scott A. Knabe, that Beech 1900 D aircraft and the accident aircraft in particular and the accompanying maintenance procedures and manuals were fit for the particular purpose for which they were intended.

70. Contrary to these warranties, the accident aircraft and maintenance procedures and manuals were not safe and free of defects and were not fit for their ordinary, intended, particular and foreseeable uses and purposes. Instead, the aircraft and its component parts, systems, manuals, instructions, and/or warnings were defective and unreasonably dangerous by reason of defective design, manufacture, and/or marketing, the failure of defendants to give adequate and proper warnings of the dangers existing therein and the failure of Raytheon to give adequate instructions regarding the avoidance of such dangers. The unreasonably dangerous

conditions and/or defects include the defective elevator pitch trim system, maintenance manuals, maintenance procedures, and/or the absence of adequate warnings and instructions regarding such conditions. The defective and unreasonably dangerous conditions exposed Scott A. Knabe, and the public in general, to an unreasonable risk of harm and were the proximate cause of plaintiff's injuries and damages.

71. Raytheon breached the express and implied warranties in the following ways:

a. By providing a defective, improperly functioning, and unairworthy aircraft to Colgan for use in its flight operations.

b. By providing a defective AMM with erroneous advice and diagrams.

c. By failing to provide warnings regarding the dangers associated with the design of the aircraft and dangers associated with the foreseeable usage and maintenance of the aircraft.

d. By failing to provide proper instructions and procedures for the safe operation and/or maintenance of the aircraft.

72. Raytheon knew or should have known that pilots such as Scott A. Knabe would use the aircraft and be subject to an unreasonable risk of injury or death if such express and implied warranties were breached in such a manner.

73. Scott A. Knabe relied on the express and implied warranties and made use of the aircraft as alleged herein in a reasonable and foreseeable manner and in the manner in which the aircraft was intended.

74. The crash of the aircraft and the wrongful death of Scott A. Knabe and damage to plaintiff were proximately caused by Raytheon's breach of express warranty and implied warranties of merchantability and fitness.

75. By reason of the foregoing, said defendant is liable to plaintiff in breach of warranty for the wrongful death, injuries and damages to decedent and decedent's personal property and for the resulting damages sustained by plaintiff.

WHEREFORE, pursuant to Massachusetts General Laws Chapters 106 § 2-313 through § 2-315, and §2-318, the Plaintiff, Lisa Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, respectfully prays that judgment be entered on behalf of herself, the next of kin, and the Estate of Scott A. Knabe and against Raytheon, for breach of express and implied warranty, in an amount that a jury determines will fully and fairly compensate herself, the next of kin, and the Estate of Scott A. Knabe for all legally compensable losses.

**COUNT IV**

**(Serious and Willful Misconduct Against Colgan )**

76. Plaintiff incorporates all prior allegations by reference.

77. Colgan was the employer of Scott A. Knabe and was entrusted with and did exercise the power of superintendence over Scott A. Knabe.

78. Colgan had a duty to provide safe equipment to Scott A. Knabe and to provide Scott A. Knabe with a safe work environment.

79. Colgan breached its duty to Scott A. Knabe by requiring him to fly an aircraft that was defective, unreasonably dangerous, improperly maintained, and improperly repaired.

80. Colgan's acts and/or omissions as described herein, were serious and willful misconduct. Colgan undertook such acts and/or omissions with the knowledge or with reason to know of facts which would lead a reasonable person to realize their conduct created an unreasonable risk of bodily harm to Scott A. Knabe and involved a high degree of probability that substantial harm would result to Scott A. Knabe.

81. Colgan 's conduct was unreasonable and contained a risk of harm to others in excess of that necessary to make its conduct unreasonable and therefore negligent, and there was an easily perceptible danger of substantial bodily harm or death.

82. As a result of Colgan's serious and willful misconduct, Scott A. Knabe suffered significant and painful injuries, mental anguish and death when the defective aircraft crashed.

WHEREFORE, pursuant to Massachusetts General Laws Chapter 152 § 28, Lisa A. Weiler respectfully requests judgment be entered on behalf of the estate of Scott A. Knabe, herself, and next-of-kin, and against Colgan for double recovery for misconduct as allowed by law.

**COUNT V**

**(Prejudgment Interest)**

83. Plaintiff incorporates by reference all prior allegations.

84. Plaintiff claims as an element of wrongful death and survival damages, prejudgment interest at the maximum legal rate as permitted by Massachusetts General Laws Chapter 229, §11, or any other applicable law or statute, to provide full compensation to plaintiff and prevent the unjust enrichment of defendants and each of them.

**JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues so triable.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, as hereinafter set forth:

1. For compensatory damages as allowed by law for the wrongful death, survival damages, and conscious pain and suffering of Scott A. Knabe, in an amount according to proof at trial;

2. For property damage and loss of use of property according to proof;

3. For punitive damages as allowed by law;

4. For compensation against an employer for its misconduct as allowed by law;

5. For pre-judgment interest as provided by law;

6. For costs of suit incurred herein;

7. For attorneys fees as allowed by law;

8. That all issues of fact in this matter be determined by a jury; and

9. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: ______________________

Robert McConnell, Esq.
(BBO No. 550625)
Jack McConnell Jr., Esq.
Don Migliori, Esq.
Motley Rice LLC
321 South Main St.
P.O. Box 6067
Providence, RI
Ph: (401) 457-7700

And

Ronald Motley, Esq.
Mary Schiavo, Esq.
Jodi Flowers, Esq.
Elizabeth Smith, Esq.
Robert Haefele, Esq.
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
Ph: (843)216-9374

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CLERKS OFFICE
2005 FEB 24 A 11:44
U.S. DISTRICT COURT
DISTRICT OF MASS.

## I. (a) PLAINTIFFS

Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries

(b) County of Residence of First Listed Plaintiff: Hamilton County, Ohio
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
See Attachment A

## DEFENDANTS

See Attachment B

County of Residence of First Listed Defendant: Barnstable County, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☒ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 28 USC 1332

Brief description of cause: Complaint for wrongful death as a result of the airplane crash at Yarmouth, MA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint: JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE Patti B. Saris DOCKET NUMBER 05 CV 10155 PBS

DATE 2/24/05

SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# Attachment A

**I. (c) Attorney's (Firm name, Address, and Telephone Number)**

Robert McConnell, Esq.
Jack McConnell, Esq.
Donald Migliori, Esq.
Ron Motley, Esq.
Mary Schiavo, Esq.
Jodi Flowers, Esq.
Robert Haefele, Esq.
Elizabeth Smith, Esq.
Motley Rice LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940
(401) 457-7700

# Attachment B

## I. Defendants

Raytheon Company, a Delaware Corporation
Raytheon Aircraft Company, a Kansas Corporation
Raytheon Credit Corporation, a Kansas Corporation
Colgan Air Inc., a Delaware Corporation d/b/a US Airways Express

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE
2005 FEB 24 A 11: 44
U.S. DISTRICT COURT DISTRICT OF MASS.

1. Title of case (name of first party on each side only) Lisa A. Weiler v. Raytheon Company

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☐ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

*Also complete AO 120 or AO 121 for patent, trademark or copyright cases

☑ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

☐ V. 150, 152, 153.

05 10364 PBS

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

Yisel Dean v. Raytheon et. al. Case no. 05 CV 10155 PBS

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐ NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

YES ☐ NO ☑

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐ NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐ NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES ☑ NO ☐

A. If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☑ Central Division ☐ Western Division ☐

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division ☐ Central Division ☐ Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES ☐ NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Robert McConnell

ADDRESS 321 South Main Street, P.O. Box 6067, Providence, RI 02940

TELEPHONE NO. 401-475-7700