UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA A. WEILER, Administratix of the Estate of Scott A. Knabe, deceased, et al., <br><br> Plaintiff, <br><br> v. <br><br> RAYTHEON COMPANY, RAYTHEON AIRCRAFT HOLDINGS, INC., RAYTHEON AIRCRAFT CO., RAYTHEON AIRCRAFT CREDIT CORPORATION, and COLGAN AIR INC., <br><br> Defendants. | Civil Action No. 05-CV-10364-PBS |

**DEFENDANT COLGAN AIR, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Colgan Air, Inc. ("Colgan"), by counsel, pursuant to Fed. R. Civ. P. 12(b)(6), respectfully submits this memorandum of law in support of its Motion to Dismiss. In support thereof, Colgan states as follows:

**STATEMENT OF FACTS**

Plaintiff's Amended Complaint alleges a cause of action for serious and willful misconduct against Colgan. Relying exclusively on Mass. Gen. Laws ch. 152, § 28, the Plaintiff seeks exemplary damages for the alleged gross negligence of Colgan. See Amended Complaint at ¶ 15. The Plaintiff never served the original Complaint on Colgan, so until the Amended Complaint was served Colgan had no opportunity to respond to the Plaintiff's allegations.

The Amended Complaint arises out of an aircraft accident that occurred in Massachusetts on August 26, 2003. Plaintiff's decedent, Scott Knabe, was killed in the accident. The decedent

was the pilot of the aircraft and was employed in Massachusetts by Colgan at the time of the accident.  See Amended Complaint at ¶¶ 29, 85.

## ARGUMENT AND AUTHORITIES

### A.      Legal standard.

Motions to dismiss are subject to limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In reviewing a motion to dismiss, the Court is not required to accept legal conclusions.  New England Cleaning Servs. v. American Arbitration Ass'n, 199 F.3d 542, 545 (1st Cir. 1999).  A motion to dismiss under Rule 12(b)(6) should succeed when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegation." Gorski v. New Hampshire Dep't of Corr., 290 F.3d 466, 473 (1st. Cir. 2002) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

In order to survive a motion to dismiss, "a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).  Courts "will not accept a complainant's unsupported conclusions or interpretations of law." Washington Legal Found. v. Massachusetts Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

### B.      Plaintiff cannot maintain a civil action against Colgan.

Section 28 of the Massachusetts Workers' Compensation Act, Mass. Gen. Laws ch. 152, provides that "if the employee is injured by reason of the serious and willful misconduct of an employer....the amounts of compensation hereinafter provided shall be doubled." The extra or double award which is for the benefit of an injured employee under § 28 explicitly constitutes

compensation as that term is used in the Massachusetts Workers' Compensation Act. Thayer's Case, 345 Mass. 36, 42-43 (1962).

Under Massachusetts law, a plaintiff cannot recover workers' compensation benefits through a civil action. HDH Corp. v. Atlantic Charter Ins. Co., 425 Mass. 433, 436-37 (1997). Such a claim must be adjudicated through the statutorily prescribed workers' compensation system. Id. (quoting Neff v. Comm'r of the Dep't of Indus. Accidents., 421 Mass. 70, 74 (1995)).

The Massachusetts workers' compensation statute, Mass. Gen. Laws Ch. 152, has been clearly interpreted as providing the exclusive remedy against employers who commit tortious acts within the course of employment and in furtherance of the employer's interest. Fredette v. Simpson, 440 Mass. 263 (2003). The wrongful death and workers' compensation statutes are consistent and harmonious in that they allow exclusive recovery under the workers' compensation system. Vining Disposal Serv., Inc. v. Board of Selectmen of Westford, 416 Mass. 35, 38 (1993).

In Peerless Ins. Co. v. Hartford Ins. Co., 48 Mass. App. Ct. 551 (2000), the administrator of the decedent's estate filed a wrongful death action against the decedent's employer. The suit alleged that the decedent's employer negligently maintained its equipment. Id. at 551-52. The court noted that the pertinent Massachusetts statutes preclude any civil action for the wrongful death of an employee who is subject to the provisions of the workers' compensation laws. Id. at 555. The court stated that if the decedent was the employer's employee at the time of his death, the decedent's family could not maintain a wrongful death action against the employer. Id.

This Court recently addressed the workers' compensation bar in Carey v. Bd. of Governors of the Kernwood Country Club, 337 F. Supp. 2d 339 (2004). In that case, the plaintiff

filed suit against the decedent's employer.  Citing Peerless Ins. Co. and other decisions, this Court correctly noted that the Massachusetts wrongful death statute yielded to the workers' compensation statutes precluding a civil action for wrongful death.  Id. at 342.  Consequently, this Court denied the plaintiff's attempt to include the decedent's employer as a co-defendant because the Massachusetts workers' compensation framework precluded the wrongful death action.  Id. at 343.

In this case, the Plaintiff relies exclusively on Section 28 of the Massachusetts Workers' Compensation Act in support of the wrongful death claim against Colgan.  Consequently, the Plaintiff has alleged that the decedent's death is subject to the provisions of the Massachusetts Workers' Compensation Act.

Massachusetts law clearly establishes that the workers' compensation system precludes any civil action against an employer for the wrongful death of an employee.  This Court recognized the workers' compensation bar to a wrongful death action in Carey and did not hesitate to apply it.  This Court should not hesitate to do so here.  Similarly, just as the decedent's estate in Peerless Ins. Co. could not maintain a wrongful death action against the decedent's employer because of alleged negligent maintenance, the Plaintiff in this case cannot maintain a wrongful death action against Colgan due to alleged serious and willful misconduct in its repairs on the aircraft.

The Plaintiff simply cannot proceed against Colgan in this Court because the Massachusetts Workers' Compensation Act provides the exclusive remedy.  Any attempt to recover double compensation under § 28 can only proceed in the workers' compensation system.  Even assuming *arguendo* that the Plaintiff's factual allegations are correct, the Plaintiff's only remedy lies with the Massachusetts Department of Industrial Accidents, and not this Court.

## CONCLUSION

WHEREFORE, based on the foregoing reasons, Colgan, by counsel, respectfully requests that this Court grant its Motion to Dismiss the Plaintiff's Amended Complaint with prejudice, and for such further relief as the Court deems just and proper.

July 26, 2005

Respectfully submitted,
COLGAN AIR, INC,

By its attorneys,

Christopher A. Kenney (BBO# 556511)
Anthony L. DeProspo, Jr. (BBO# 644668)
SHERIN AND LODGEN LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 646-2000

*Of counsel*:
Mark A. Dombroff
Thomas B. Almy
Andre M. Gregorian
DOMBROFF & GILMORE, P.C.
1676 International Drive
McLean, Virginia 22102
(703) 336-8800

## CERTIFICATE OF SERVICE

    I hereby certify that I served a true copy of the above document by ~~hand~~/mail upon all attorneys of record.

Dated: July 26, 2005